**WHEELING STEEL CORPORATION, Petitioner, v. NATIONAL LABOR RELATIONS BOARD, Respondent (two cases).**

Nos. 7426, 7435.

Circuit Court of Appeals, Sixth Circuit.

Jan. 19, 1939.

Earl F. Reed and John E. Laughlin, Jr., both of Pittsburgh, Pa., and Edmund M. Toland, of Washington, D. C., for petitioners.

Charles Fahy, of Washington, D. C., for respondent.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

PER CURIAM.

This cause having come on for a hearing on petitions filed pursuant to Section 10(f) of the National Labor Relations Act, 29 U.S.C.A. § 160(f), by Wheeling Steel Corporation, petitioner, and by General Council and Departmental Councils of Wheeling Steel Corporation, intervening petitioners, to review and set aside an order of the National Labor Relations Board dated May 12, 1936, made pursuant to said act, and the making and entry of an order and decree in this cause having been consented to by all interested parties on February 18, 1938, and said order and decree having provided that final disposition of the petition by Wheeling Steel Corporation and the Board's answer thereto and request for enforcement of its order in so far as they relate to those paragraphs of the said Board's order providing for the reinstatement with back pay of William Patton (paragraphs 4(a), 4(b) should be held in abeyance until the further order of the Court on application of either party, it is hereby ordered, upon consent of counsel for the parties, that petitioner, Wheeling Steel Corporation, its officers and agents having, in compliance with the said Board's order: (a) Agreed to give to William Patton the same consideration for reemployment at its Portsmouth plant that it will give to other men whose employment has been terminated because of lack of work; (b) make whole said William Patton for any loss of pay he has suffered by reason of discharge by payment to him of $650, the petition of the Wheeling Steel Corporation to review the order of the National Labor Relations Board and the Board's answer thereto and request for enforcement are hereby dismissed as to said paragraphs 4(a) and 4(b).